## Case No. 12,320.

### SANGSTER v. MILLER et al.

[2 Fish. Pat. Cas. 563; 5 Blatchf. 243; Merw. Pat. Inv. 92.] [1]

Circuit Court, S. D. New York. Aug. 22, 1865.

PATENTS — SPRING CATCHES FOR LANTERNS — NOVELTY.

1. A claim for "constructing and arranging the spring catches to cause the attachment of the lamp to the lantern, by the operation of pressing the lantern down upon the spring catches," is not the subject of a patent, but a mere result from the arrangement and combination of the parts.

[Cited in Smith v. Thomson, 38 Fed. 606.]

2. The mode of fastening being substantially the same, there is no substantial difference between attaching a lamp to a lantern by pressing the lamp up into the lantern, and pressing the lantern down upon the lamp.

3. The improvement in lanterns patented to Hugh Sangster, June 10, 1851, and reissued August 21, 1855, is neither new nor original.

[In equity. This was a final hearing, on pleadings and proofs. The bill was founded on letters patent [No. 8,154] for an "improvement in lanterns." The patent was originally issued June 10th, 1851, and claimed the mode of attaching the lamp to the lantern by means of the springs and flanges, as therein substantially described. A suit was tried upon the patent in the District of Massachusetts, at the May term, 1855, upon pleadings and proofs, in which the novelty of the improvement was attacked, and a decree was rendered for the defendants [Daniel D. Miller and others]. The patent was afterwards surrendered, and a reissue granted on the 21st of August, 1856 [No. 325], in which the patentees [Hugh and J. Sangster] disclaimed the fastening of the lamp to the lantern by springs, and, also, the fastening of the springs to the upper part of the lamp and extending down so as to spring outward, over a flange in the lantern, but claimed the constructing and arranging the springs to cause the attachment of the lamp to the lantern, by the operation of pressing the lantern down upon the springs, and, also, arranging thumb pieces at the base of the lamp, by extending the springs toward each other horizontally, and thus forming an elbow catch to rest against the shoulder of the flange of the lantern.][2]

Vine W. Kingsley, for plaintiff.
Lucien Birdseye, for defendants.

NELSON, Circuit Justice. The amendment of the claim will hardly help out the novelty of the improvement, against the proof of lamps previously in use, embracing substantially a similar arrangement of the parts connecting the lamp with the lantern. Causing "the attachment of the lamp to the lantern by the operation of pressing the lantern down upon the spring catches," is not well distinguishable from the process of causing the attachment by pressing the lamp upwards through the aperture into the lantern —the mode of fastening being the same— which seems to have been in general use at the date of this discovery. The construction of the parts is the same, in substance, in the reissue, as that described in the original patent, but the patentees suppose that they have avoided the objection by changing the form of the claim. I think they have fallen into an error; and that the claim itself, as set forth in the reissue, is not the subject of a patent, but is a mere result from the arrangement and combination of the parts.

Then, as to the second claim—the arrangement of the thumb pieces attached to the springs. This is but a change of form. The springs may, perhaps, be worked with greater facility than when the thumb piece is straight, instead of being bent; but the change is only in degree. It involves no invention. It is simply the device of the mechanic.

Upon the whole, I think it quite clear that the improvement described in the original patent was the one which the patentees supposed they had made, and that the change of the claim in the reissue was an afterthought, resorted to after the trial, in May, 1855, in the District of Massachusetts; and further, that, upon the proofs, there was nothing original or novel set forth in either patent.

A decree must be entered, dismissing the bill.